UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FERMIN ZAMORA

Plaintiff,

v.

MANES TRUCKING, INC., and
EDUARDO MANES, an individual

Defendants.

Case No.:

## - COMPLAINT AND DEMAND FOR JURY TRIAL -

Plaintiff Fermin Zamora, by and through the undersigned counsel, hereby files this Complaint against the above-named Defendants, MANES TRUCKING, INC. and EDUARDO MANES.

### NATURE OF THE CASE

1. This is an action brought by Plaintiff Fermin Zamora, (hereafter "Plaintiff") against his former employers, Defendants MANES TRUCKING, INC. and EDUARDO MANES (hereafter referred to as "Defendants") for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. During the term of Plaintiff's employment, Defendants had the practice of not paying Plaintiff for hours worked in excess of forty in a work-week at a rate of 1.5 times Plaintiff's regular rate of pay. Defendants would

record forty (40) hours of work in Plaintiff's time records, irrespective of how many hours Plaintiff worked, and would pay Plaintiff for forty (40) hours of work in his payroll check, even though Plaintiff worked, on average, 47 or more hours per week. Defendant MANES TRUCKING, INC. would then pay Plaintiff by a separate check made with reference to "bonus", at Plaintiff's regular rate of pay, for hours in excess of forty in a work week. Defendants thus avoided paying Plaintiff at 1.5 times Plaintiff's regular rate of pay for overtime hours, and also evaded the payment of payroll taxes on such hours. Consequently, Defendants were not fully compensating Plaintiff for all hours worked in excess of forty (40) in a workweek as required by the FLSA, nor complying with their tax withholding and reporting duties.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction conferred by 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Tampa Division of the Middle District of Florida under Local Rule 1.02 of the Local Rules of the Middle District of Florida. Hillsborough County has the greatest nexus with the cause because it is the place where Plaintiff provided services and Defendants conducted business.

## PARTIES

5. Plaintiff FERMIN ZAMORA, a resident of Hillsborough County, was a former employee of Defendants who worked at MANES TRUCKING, INC.

6. Upon information and belief, Defendant EDUARDO MANES is the principal and owner of MANES TRUCKING, INC.

7. Defendant MANES TRUCKING, INC. is a corporation organized and existing under and by virtue of the laws of the State of Florida.

8. Defendant EDUARDO MANES is an individual resident of the State of Florida, who owned and operated MANES TRUCKING, INC., and who, regularly: a) exercised control over the day-to-day operations of MANES TRUCKING, INC.; b) had personal and direct involvement in employment affairs; c) hired and fired employees; d) established employee work schedules; e) controlled terms of employment; and f) had the authority to set employee wages.

## COVERAGE

9. Defendant MANES TRUCKING, INC. is an enterprise engaged in commerce or in the production of goods for commerce, covered by the FLSA, and as defined by 29 U.S.C. § 203.

10. Upon information and belief, Defendant MANES TRUCKING INC.'s annual gross volume of sales exceeded $500,000 per year at all relevant times.

11. Defendant MANES TRUCKING, INC. as an employer within the definition of the FLSA, 29 U.S.C. § 203.

12. Defendant EDUARDO MANES was an employer within the definition of the FLSA, 29 U.S.C. § 203.

13. During the term of his employment, Plaintiff was engaged in commerce and was therefore subject to the individual coverage of the FLSA. 29 U.S.C. § 206.

14. The services performed by Plaintiff were essential, necessary, and an integral part of the business conducted by Defendants.

15. Plaintiff was a covered employee for purposes of the FLSA pursuant to 29 U.S.C. §§ 207 and 206.

## FACTUAL BACKGROUND

16. Plaintiff FERMIN ZAMORA was employed by Defendants.

17. Plaintiff held a laborer position at the time of separation.

18. Plaintiff was an hourly employee.

19. Plaintiff's last hourly rate was $10.00 per hour.

20. During his employment with Defendants, Plaintiff was classified as non-exempt.

21. Plaintiff worked as a laborer for Defendants and did not satisfy any of the requirements for overtime exemptions set forth in the FLSA.

22. During the term of employment, Plaintiff worked an average of approximately 47 hours or more per week.

23. During the term of Plaintiff's employment, Defendants had the practice of not paying Plaintiff for hours worked in excess of forty in a work-week at a rate of 1.5 times Plaintiff's regular rate of pay. Defendants would record forty (40) hours of work in Plaintiff's time records, irrespective of how many hours Plaintiff worked, and would pay Plaintiff for forty (40) hours of work in his payroll check, even though Plaintiff worked, on average, 47 or more hours per week. Defendant MANES TRUCKING, INC. would then pay Plaintiff by a separate check made with reference to "bonus", at Plaintiff's regular rate of pay, for hours in excess of forty in a work week. Defendants thus avoided paying Plaintiff at 1.5 times Plaintiff's regular rate of pay for overtime hours, and also evaded the payment of payroll taxes on such hours. Consequently, Defendants were not fully compensating Plaintiff for all hours worked in excess of forty (40) in a workweek as required by the FLSA, nor complying with their tax withholding and reporting duties.

24. Due to the deliberate scheme of payment set forth above, Defendants were aware that Plaintiff was working in excess of forty (40) hours per week without proper compensation but did not cure the ongoing FLSA violations.

25. Defendants' actions were willful or showed reckless disregard as to whether their conduct was prohibited by the FLSA.

26. Plaintiff's time and payroll records (including the hours worked in each workweek) should be in Defendants' custody and control, pursuant to 29 C.F.R. § 516. However, the accuracy, completeness, and sufficiency of such records are at issue.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA**

27. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 26 above.

28. Defendants failed to pay Plaintiff properly for all hours worked in excess of forty (40) hours in a workweek in compliance with the FLSA.

29. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in a workweek.

30. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to damages, liquidated damages, pre-judgement interest, attorney's fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, and the following damages:

a. Unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

b. Liquidated damages in an amount equal to the overtime compensation owed in accordance with 29 U.S.C. § 216(b);

c. Pre-judgment interest;

d. Attorney's fees and costs as provided by 29 U.S.C. § 216(b); and

e. Any further relief the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

31. Plaintiff requests a jury trial to the extent authorized by law.

Dated: April 6, 2017.

Respectfully submitted,

**CYNTHIA GONZALEZ P.A.**
4023 North Armenia Ave.
Suite 240
Tampa, Florida 33607
Telephone (813) 333-1322
Fax (866) 593-6771
E-mail: cynthia@wagesdue.com

*s/ Cynthia Gonzalez*
Cynthia M. Gonzalez
Florida Bar No. 53052
Attorney for Plaintiff

*s/ Luis R. Amadeo*
Luis R. Amadeo
Florida Bar No. 0565865
Attorneys for Plaintiff